[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Gregory T. Swain appeals from the sentence imposed after he entered a plea of guilty to two counts of receiving stolen property, in violation of R.C. 2913.51(A), punishable as felonies of the fifth degree. In exchange for his pleas of guilty, the state dismissed a third receiving count.
{¶ 3} In a single assignment of error, Swain contends that the trial court erred in imposing the maximum twelve-month sentence for each count and in ordering the sentences to be served consecutively. The trial court did not err in imposing maximum sentences on the receiving counts. After first making the findings required to impose a prison term for a fifth-degree felony, see R.C. 2929.13(B)(1)(g), and to impose more than the minimum term of imprisonment, see R.C. 2929.14(B), the trial court found that Swain posed the greatest likelihood of recidivism. See R.C.2929.14(C); see, also, State v. Lattimore, 1st Dist. No. C-010488, 2002-Ohio-723, at ¶ 26. The trial court specified on the record the reasons supporting the finding, noting that Swain had a history of fraud offenses, unsuccessful probations, and patterns of drug or alcohol abuse, and that he did not exhibit any remorse for his actions. See R.C.2929.19(B)(2)(d). While Swain claimed at the sentencing hearing that he had never served a prison term, see R.C. 2929.13(B)(1)(g), the presentence-investigation report indicated otherwise.
{¶ 4} Swain next contends, and the state concedes, that the trial court failed to make findings or give reasons to justify that the two sentences be served consecutively. See R.C. 2929.14(E) and 2929.19(B)(2). Where the trial court has failed to state these findings or reasons on the record, a reviewing court shall vacate the sentence and remand the case to the trial court. See R.C. 2953.08(G)(1); see, also, State v.Brown, 1st Dist. No. C-010683, 2002-Ohio-2762, at ¶ 6.
{¶ 5} That portion of Swain's assignment of error contesting the imposition of maximum sentences is overruled. That portion contesting the consecutive sentences is sustained. Therefore, we vacate the consecutive portion of the sentences imposed, remand this cause to the trial court, and order the trial court to resentence Swain in accordance with the law. If the trial court again decides to impose consecutive sentences, we further instruct the court to make the findings required by R.C. 2929.14(E) and to state its reasons for those findings as required by R.C.2929.19(B)(2).
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.